IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANN MARIE GUY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Civil Action 18-1313 |
| | ) |
| ANDREW M. SAUL, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Ann Marie Guy ("Guy") applied for supplemental security income ("SSI") in March 2015. (R. 17) She alleged an onset of disability beginning in January of 2009. (R. 15) She was represented by counsel at a hearing before an Administrative Law Judge ("ALJ"), during which both she, her daughter and a vocational expert ("VE") appeared and testified. (R. 15) Ultimately, the ALJ denied benefits. Guy subsequently filed a Request for Review with the Appeals Council. The Appeals Council denied the request for review. She then filed this appeal. The parties have filed Cross-Motions for Summary Judgment. *See* ECF Docket Nos. 11 and 16.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is

1

based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are

supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

The ALJ denied benefits at the fifth step of the analysis. More specifically, at step one, the ALJ found that Guy has not engaged in substantial gainful activity since the application date and that any wages Guy earned after that date fell "below the substantial gainful activity earnings threshold for that period when averaged across the reported quarter." (R. 17) At step two, the ALJ concluded that Guy suffers from the following severe impairments: obesity, sleep apnea, torn right rotator cuff, chronic pain in the right shoulder and arm, asthma, and degenerative disc disease. (R. 17-20) At step three, the ALJ determined that Guy did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 20-21) Between steps three and four, the ALJ decided that Guy had the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 21-26) Ultimately, at the fifth step of the analysis, the ALJ concluded that, during that same time frame, considering Guy's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that she could have performed. (R. 26-27)

III. Discussion

1. Intellectual Functioning

Guy asserts two arguments with respect to her intellectual functioning. First, she charges the ALJ with failing in her "duty to develop" the record following testimony

3

during the hearing that Guy was in special education classes in high school and has difficulty with reading and writing. (R. 41) *See* ECF Docket No. 12, p. 19-20. Guy reasons that the ALJ should have ordered a consultative examination to secure intellectual testing. Second, she contends that the ALJ should have considered Listing 12.05 (Intellectual Disorder) because of her impairments. (R. 20) Both arguments are unconvincing.

With respect to Guy's first contention, the decision to order a consultative examination is within the sound discretion of the ALJ, *see Thompson v. Halter*, 45 Fed. Appx. 146, 149 (3d Cir. 2002). An "ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Thompson*, 45 Fed. Appx. at 149. Other circumstances necessitating a consultative examination include situations where a claimant's medical records do not contain needed additional evidence, or when the ALJ needs to resolve a conflict, inconsistency or ambiguity in the record. *See*, 20 C.F.R. §§ 404.1519(a), 416.919(a).

When there is a suggestion of a mental impairment, the ALJ has a duty to develop the record "by inquiring into the present status of impairment and its possible effects on the claimant's ability to work." *Plummer v. Apfel*, 186 F.3d 422, 434 (3d Cir. 1999). This duty exists even if the claimant is represented by counsel. *Rutherford v. Barnhart*, 399 F.3d 546, 557 (3d Cir. 2005). On the other hand, when a claimant is represented by counsel, an ALJ is entitled to assume that an applicant is making his or her strongest case for benefits. *Yoder v. Colvin*, Civ. No. 13-107, 2014 WL 2770045, at * 3 (W.D. Pa. June 18, 2014). Thus, the fact that a claimant does not allege intellectual impairment as

a basis for disability "is significant." *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001).

Based on the existing record evidence in this case, I find that the ALJ was not required to order a consultative examination and that she discharged her duty to develop the record. There is no objective evidence in the record indicating that Guy had a mental impairment. Guy has been represented by counsel throughout the disability process. Her claim of disability primarily relates to issues with her right shoulder and arm, obesity, asthma, sleep apnea and back issues. She did not reference any learning problems in seeking benefits. (R. 188) Additionally, she specifically *denied* having attended any special education classes in her application. (R. 189) Moreover, in both the "Representative Brief" submitted to the ALJ and the "Representative Brief" submitted to the Appeals Council, Guy did not press a claim of any mental impairment or need for a consultative examination. (R. 252, 253) Though Guy alleged during the hearing before the ALJ that she attended special education classes during high school, Guy did not submit any school records detailing those classes, nor did counsel seek to submit those records following the hearing. Further, although Guy testified that she had trouble with reading and writing, when asked what obstacles prevented her from being able to work, Guy responded by identifying only her hand and shoulder, her sleep apnea, and diabetes. (R. 45-46) Accordingly, I find that the ALJ was not required to order a consultative examination. The record was sufficient such that the ALJ could make a proper determination. Thus, I find no error in this regard.

Additionally, Guy's argument that the ALJ should have considered Listing 12.05 at the third step of the analysis "because of Plaintiff's special education and difficulty reading and writing" is unpersuasive. As stated above, the ALJ was not under a duty to order a consultative examination. The record is devoid of any evidence indicating that Guy has an intellectual disorder that would satisfy Listing 12.05.[1] Consequently, there is no basis for remand regarding Listing 12.05.

2. Cumulative Effect of Obesity in Combination with other Impairments

Guy also contends that the ALJ failed to comply with agency policies concerning obesity. *See* ECF Docket No. 12, p. 16. Specifically, Guy contends that the ALJ failed to consider the "combined and cumulative effect of Plaintiff's obesity in combination with her asthma and obstructive sleep apnea," and otherwise failed to follow the dictates of SSR 02-1p[2]. *Id.* I disagree.

As an initial matter, it is Guy's burden to show that her impairment matches a listing or is equal in severity to a listed impairment. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir. 1992) At no point, however, does Guy suggest how she meets any of the listings under 3.00. *See* ECF Docket No. 12, p. 16. Consequently, I find Guy's argument to be underdeveloped and inadequate to place the issue before me.

Nonetheless, I have reviewed the record and the ALJ's opinion as a whole and, based upon the same, I find the ALJ adequately considered and addressed the

---

[1] For instance, there is no evidence that Guy suffers from "significantly subaverage general intellectual functioning evident in your cognitive inability to function at a level required to participate in standardized testing of intellectual functioning" or a full scale IQ score of 70 or below or a full scale IQ of 71-75 accompanied by a verbal or performance IQ score of 70 or below and significant deficits in adaptive functioning.

[2] SSR 02-1p has been rescinded and replaced by SSR 19-2p. However, SSR 02-1p was in effect at the time of the ALJ's decision and thus guides this Court's review.

combined effect of Guy's obesity upon her other impairments. Indeed, in her Step 3 analysis, the ALJ expressly discussed Guy's obesity and explained that it was considered "pursuant to SSR 02-1p." (R. 21). SSR 02-1p explains that "obesity may increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirements of a listing." SSR 02-1p. It directs the ALJ to consider impairments in combination with each other and with obesity. The record reflects that the ALJ did so.[3] Additionally, in formulating the RFC, the ALJ considered Guy's obesity, recognizing that this condition "has contributed to her diabetes, hypertension and hyperlipidemia, and sleep apnea," and she considered Guy's obesity "singly, and in combination with other impairments," finding that "this condition results in a limitation to a restricted range of light exertional work" with some postural restrictions, and limitations in standing and walking. (R. 22-26) Because substantial evidence of record supports the ALJ's conclusions in this regard, a fact which Guy does not challenge, there is no basis for remand.

3. Medical Opinions

Guy identifies as an "Issue" for this Court, the ALJ's error in "failing to give controlling weight to the findings and opinions of Plaintiff's treating physicians, Dr. Habib and Dr. Neely." *See* ECF Docket No. 12, p. 3. Yet Guy never develops this argument. In the "Argument" section of her brief, Guy offers only the following conclusory statements with respect to Dr. Habib[4]:

---

[3] The ALJ stated that, "[w]here, as here, her condition has resulted in exacerbation of musculoskeletal symptoms, obesity is considered to the extent that it causes those bodily systems to worsen and satisfy the requirements of listings." (R. 21) Yet she found that Guy's records did not demonstrate that her conditions have resulted in limitations consistent with the requirements of any listed impairment. (R. 21)

[4] Dr. Neely never offered a medical opinion. Consequently, there is no basis upon which to consider any argument in this respect. The record simply contains Progress Notes from Neely in which she notes that Guy presents with pain in the joint and shoulder region and that Guy is applying for disability and cannot use her right arm without

> The ALJ gave some weight to Dr. Gregory Habib's opinion, a treating provider, that Plaintiff should avoid all use of the right arm. Dr. Habib opined that Plaintiff could not use the right arm for climbing, reaching or repetitive activity. (R. 26)

*See* ECF Docket No. 12, p. 13. This Court declines to accept Guy's invitation to speculate as to how the ALJ's consideration of Dr. Habib's opinion was deficient or otherwise not supported by substantial evidence of record. The argument is not developed and does not allow for meaningful assessment. Indeed, Guy does not explain how Habib's opinion was supported by the record or why it should be given "controlling" weight. Further, a review of the record indicates that the ALJ's decision to give "some weight" to Habib's opinion is supported by substantial evidence of record. As the ALJ noted, Habib's opinion was dated approximately two years after he had last seen Guy, and Guy's work activities since that last examination indicate a "somewhat broader range of abilities than indicated by Dr. Habib." (R. 26) Consequently, I find no basis for remand on this point.

Guy also makes some passing references to the ALJ's findings with respect to Dr. Fox. Dr. Fox, a state agency physician, reviewed Guy's medical records and written statements and determined that she could perform a light range of work with certain restrictions with respect to her right arm. (R. 85-86) The ALJ gave Fox's opinion "great weight." (R. 25) She found that Fox's "opinion is generally consistent with the record as a whole, including evidence of shoulder limitation and a history of cervical decompression." (R. 25) The ALJ imposed additional limitations to accommodate Guy's shortness of breath from asthma and obesity. (R. 25)

---

pain. (R. 493-4) The ALJ adequately accounted for Guy's arm and shoulder pain in his RFC and those findings are supported by substantial evidence of record. Guy does make a separate "argument" with respect to the ALJ's failure to include Dr. Neely's findings in a hypothetical question to the VE. This, however, does not pertain to the "weight" the ALJ gave to Neely's opinion.

Contrary to Guy's contentions, I find that the weight the ALJ gave to Fox's opinion is supported by substantial evidence of record. First, it is well established that state agency physicians are "highly qualified" who are experts in Social Security disability evaluation. SSR 17-2p; *see also,* 20 C.F.R. § 416.927(e)(2)(i), SSR 96-6p, 1996 WL 374180, at * 2 (rescinded and replaced by SSR 17-2p, effective March 27, 2017). Further, although Fox did state that, based upon the seven strength factors of the physical RFC, Guy was capable of "sedentary" work, the ALJ also noted that Guy's exertional limitations were "within / between ranges of work." (R. 88-89) Fox explained that "the claimant's limitations do not preclude sustained employment at a light functional capacity with right upper extremity restrictions." (R. 87) The ALJ accounted for these restrictions in fashioning the RFC. Consequently, I find no basis for remand with respect to the ALJ's assessment of Dr. Fox's opinion.

4. Hypotheticals

Finally, Guy takes issue with the hypotheticals posed to the VE. Specifically, Guy faults the ALJ for failing to include in a hypothetical Dr. Neely's findings that Guy was unable to use her right arm at all without pain. *See* ECF Docket No. 12, p. 13-14. Because the hypotheticals did not include such a limitation, Guy reasons, the ALJ's decision is not supported by substantial evidence of record. I disagree.

As stated above, the ALJ's formulation of the RFC, and the weighing of expert testimony regarding her physical impairments is supported by substantial evidence of record. It is well-settled that the law only requires the ALJ to include in hypotheticals posed to vocational experts those limitations which are supported by the record. *See Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987) and *Podedworny v. Harris,*

745 F.2d 210, 218 (3d Cir. 1984).[5] *See also*, *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005), *citing, Plummer v. Apfel*, 186 F.3d 422, 431 (3d Cir. 1999) (stating that hypotheticals need only accurately portray all of a claimant's credibly established limitations). The RFC adequately reflects Guy's limitations. The ALJ posed a question to the VE which accurately encompassed Guy's limitations and the VE responded that there exist jobs in significant numbers within the national economy that Guy can perform. As such, the hypothetical questions do not pose a basis for remand.

---

[5] Even if an ALJ posed a hypothetical to a VE which set forth limitations Guy proposes, the ALJ need not adopt the VE's answer. "Simply because a hypothetical was posed, does not mean that there was sufficient evidence to support it; the ALJ ultimately relies upon only credible, medically established limitations." *Menuto v. Astrue, Civ. No. 11-264, 2012 WL 2594339, at * 9 (W.D. Pa. June 13, 2012)* (citations omitted).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANN MARIE GUY                )
    Plaintiff,            )
                             )
-vs-                         )      Civil Action No. 18-1313
                             )
ANDREW M. SAUL,              )
                             )
    Defendant.            )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 30th day of January, 2020, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 16) is GRANTED and the Motion for Summary Judgment (Docket No. 11) is DENIED. It is further ORDERED that the Clerk of Courts mark this case "Closed" forthwith.

                                                BY THE COURT:

                                                /s/ Donetta W. Ambrose
                                                Donetta W. Ambrose
                                                United States Senior District Judge